ORIGINAL

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Amin Yousefi Jam,

    Defendant.

Case No. 20-20550

Hon. Stephen J. Murphy

# Plea Agreement

The United States of America and the defendant, Amin Yousefi Jam, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Count of Conviction**

The defendant will plead guilty to Count 1 of the indictment. Count 1 charges the defendant with conspiring to unlawfully export goods to Iran and to defraud the United States under 18 U.S.C. § 371, 50 U.S.C. § 1705, and 31 C.F.R. Parts 560.203 and 560.204.

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that Count One carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 5 years |
| --- | --- | --- |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | 1 – 3 years |

**3.      Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts Two and Three, which charge the defendant with conspiring to smuggle goods from the United States under 18 U.S.C. §§ 371 and 554, and conspiring to engage in international money laundering under 18 U.S.C. § 1956.

**4.      Elements of Counts of Conviction**

The elements of Count 1 are: first, that two or more persons conspired, or agreed, to willfully commit the crime of unlawfully exporting goods to Iran; second, that the defendant knowingly and voluntarily joined the conspiracy; and third, that a member of the

conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

### 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

Between in or around January 2015 and continuing through at least in or around February 2017, in the Eastern District of Michigan and elsewhere, Amin Yousefi Jam admits that he conspired and agreed with Abdollah Momeni and others to willfully export and cause the exportation of goods from the United States to Iran in violation of the prohibitions imposed upon Iran by the United States government, without having first obtained the required licenses from the U.S. Department of Treasury, Office of Foreign Assets Control.

Amin Jam admits that he, Abdollah Momeni, and others ["the conspirators"] placed orders for goods owned by companies in the United States; that the conspirators caused these goods to be shipped through the United Arab Emirates to Iran, knowing that the ultimate end destination was Iran; and that the conspirators attempted to hide

the fact that the end users of these goods were in Iran by, among other things, shipping the goods through the United Arab Emirates and having the payment for the goods come from banks in countries other than Iran. Specifically, Amin Jam admits that the conspirators obtained goods from US Company 1, US Company 2, and US Company 3, as explained in the Indictment, and willfully had these goods shipped to Iran, through the United Arab Emirates, in violation of U.S. sanctions against Iran.

**6. Advice of Rights**

The defendant has read the indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C.  The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

**7.   Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties agree that the defendant was a minor participant in the conspiracy, and that a two-level reduction under USSG § 3B1.2(b) is appropriate here.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

#### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

#### B. Imprisonment

##### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

The defendant is a Canadian resident; if the defendant is eligible and applies to transfer his sentence pursuant to the international prisoner transfer program, the United States Attorney's Office for the Eastern District of Michigan agrees to support the defendant's transfer application. Defendant acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of

International Affairs (OIA) of the Criminal Division of the United States Department of Justice and that the position of the United States Attorney's Office for the Eastern District of Michigan is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

There are no recommendations on supervised release.

#### 2. No Right to Withdraw

The defendant understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

**11. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on September 13, 2021.

The government may withdraw from this agreement at any time before the defendant pleads guilty.

|  |  |
|---|---|
|  | Saima S. Mohsin<br>Acting United States Attorney |
| s/ *Michael C. Martin*<br>Michael C. Martin<br>Chief, National Security Unit | Hank Moon<br>Assistant U.S. Attorney |
|  | Adam Barry<br>Trial Attorney<br>U.S. Department of Justice |

Dated: 8/17/2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
James Gerometta
Attorney for Defendant

_____
Amin Yousefi Jam
Defendant

Dated: 11/17/2021